UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA | § § § | |
| PLAINTIFF | § § | CIVIL ACTION NO. 1:22-CV-00788 |
| V. | § § | |
| UNITED FIRE LLOYDS | § § | |
| DEFENDANT | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, the plaintiff, Travelers Property Casualty Company of America, and files this original complaint against the defendant, United Fire Lloyds, and would respectfully show unto this Honorable United States District Court as follows:

### PARTIES

1. The plaintiff, Travelers Property Casualty Company of America ("Travelers"), is a Connecticut corporation with its principal place of business in the State of Connecticut.

2. The defendant, United Fire Lloyds ("United Fire"), is, upon information and belief, an unincorporated insurance association comprised of individual underwriters, authorized to conduct business in Texas as a "Lloyds Plan" insurer under the Texas Insurance Code. Upon information and belief, United Fire's individual underwriters reside in and are citizens of the state of Iowa, none of United Fire's individual underwriters reside in and are citizens of the state of Connecticut, and United Fire's principal place of business is in Texas. United Fire may be served with process by

serving its registered agent, Lance Arnott, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

## **VENUE AND JURISDICTION**

3.     There is diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000). As such, jurisdiction in this judicial district exists pursuant to 28 U.S.C. § 1332.

4.     The underlying lawsuit at issue in this insurance coverage lawsuit is pending in Austin, Travis County, Texas. Accordingly, venue in this judicial district and division is proper pursuant to 28 U.S.C. § 1391(b)(2).

## **FACTS GIVING RISE TO CLAIM**

5.     Travelers incorporates the preceding paragraphs in this complaint by reference.

6.     Travelers issued an excess umbrella liability insurance policy to Capital Industries, LLC ("Capital"), policy no. ZUP-61M93738-18-NF, with effective dates from March 11, 2018 to March 11, 2019, with per occurrence and aggregate limits of liability of $9,000,000.00 ("the Travelers policy"). The Travelers policy is excess to a commercial general liability insurance policy issued to Capital by Cincinnati Insurance Company, policy no. EPP0313721, with effective dates from March 11, 2018 to March 11, 2019, with a $1,000,000.00 per occurrence limit of liability and a $2,000,000.00 general aggregate limit of liability ("the CIC policy").

7.     United Fire issued a commercial general liability insurance policy to Ruiz Boyter Construction and Supplies ("Ruiz-Boyter"), policy no. 60410519, with effective dates from January 4, 2018 to January 4, 2019, with a $1,000,000.00 per occurrence limit of

liability and a $2,000,000.00 general aggregate limit of liability ("the United Fire primary policy").

8. United Fire also issued an excess umbrella liability insurance policy to Ruiz-Boyter, policy no. 60410519, with effective dates from January 4, 2018 to January 4, 2019, with per occurrence and aggregate limits of liability of $5,000,000.00 ("the United Fire umbrella policy").

9. On January 4, 2017, Capital entered into a subcontract agreement with Coakley & Williams Construction, Inc. ("CWC") pertaining to the construction of the Pavilions Residence Hall at St. Edward's University ("the subject construction project"), under which subcontract agreement Capital was to install and complete the HVAC, mechanical, and plumbing systems work on the subject construction project ("the CWC—Capital subcontract agreement").

10. On March 17, 2017, Capital entered into a subcontract agreement with Ruiz-Boyter pertaining to the subject construction project, under which subcontract agreement Ruiz-Boyter was to perform all insulation work within Capital's scope of work on the subject construction project ("the Capital—Ruiz-Boyter subcontract agreement").

11. On August 8, 2019, Capital was named as a defendant in a construction defect lawsuit pertaining to the subject construction project, Cause no. D-1-GN-19-004722, styled St. Edward's University v. Coakley & Williams Construction, Inc., et al., filed in the 200th Judicial District Court, Travis County, Texas, which lawsuit was thereafter consolidated with a previously filed construction defect lawsuit pertaining to the subject construction project, Cause no. D-1-GN-18-001472, styled St. Edward's University, Inc.

v. Coakley & Williams Construction, Inc., et al., filed in the 200th Judicial District Court, Travis County, Texas ("the underlying lawsuit").

12. On October 31, 2019, CWC filed a third-party petition in the underlying lawsuit, naming/joining Ruiz-Boyter as a third-party defendant in the underlying lawsuit.

13. Under the terms of the Capital—Ruiz-Boyter subcontract agreement, Ruiz-Boyter was obligated to obtain and maintain commercial general liability insurance with limits of at least $1,000,000.00 per occurrence and $2,000,000.000 in the aggregate, which commercial general liability insurance was to provide coverage in favor of Capital as an additional insured, was to be issued on a primary and noncontributory basis before any insurance maintained by Capital as a named insured, and was to include a waiver of rights of recovery and subrogation in favor of Capital.

14. Under the terms of the Capital—Ruiz-Boyter subcontract agreement, Ruiz-Boyter was also obligated to obtain and maintain umbrella liability insurance with limits of at least $5,000,000.00 per occurrence, which umbrella liability insurance was to provide coverage in favor of Capital as an additional insured and was to be issued on a primary and noncontributory basis before any insurance maintained by Capital as a named insured.

15. Under the terms of the Capital—Ruiz-Boyter subcontract agreement, Ruiz-Boyter is also obligated to indemnify, hold harmless, and defend Capital from and against any claims, damages, losses, and expenses, including attorneys' fees, arising out of or resulting from property damage, including loss of use of property, arising or alleged to arise out of or in any way related to Ruiz-Boyter's work required by the Capital—Ruiz-Boyter subcontract agreement or other activities of Ruiz-Boyter to the extent caused in

4

whole or in part by any negligent act or omission of Ruiz-Boyter, anyone directly or indirectly employed by Ruiz-Boyter, and anyone for whose acts Ruiz-Boyter may be liable.

16. The Capital—Ruiz-Boyter subcontract agreement constitutes an "insured contract" as that term is defined in the United Fire primary policy.

17. The United Fire primary policy was endorsed to include Capital as an additional insured for both ongoing and completed operations as required by the Capital—Ruiz-Boyter subcontract agreement.

18. The United Fire primary policy was endorsed to provide additional insured coverage to Capital on a primary and noncontributory basis before any insurance maintained by Capital as a named insured as required by the Capital—Ruiz-Boyter subcontract agreement.

19. The United Fire primary policy was endorsed with a blanket waiver of subrogation in favor of Capital as required by the Capital—Ruiz-Boyter subcontract agreement.

20. The United Fire primary policy includes an exception to the contractual liability exclusion in the United Fire primary policy for Ruiz-Boyter's contractual indemnity obligation to Capital, including attorneys' fees, for the claims that have been asserted against Capital in the underlying lawsuit under the terms of the Capital—Ruiz-Boyter subcontract agreement.

21. The Capital—Ruiz-Boyter subcontract agreement constitutes an "insured contract" as that term is defined in the United Fire umbrella policy.

22.     Capital qualifies as an additional insured under the United Fire umbrella policy for both ongoing and completed operations as required by the Capital—Ruiz-Boyter subcontract agreement because Capital qualifies as an additional insured under the United Fire primary policy for both ongoing and completed operations as required by the Capital—Ruiz-Boyter subcontract agreement.

23.     The United Fire umbrella policy was endorsed to provide additional insured coverage to Capital on a primary and noncontributory basis before any insurance maintained by Capital as a named insured as required by the Capital—Ruiz-Boyter subcontract agreement.

24.     Inexplicably, and, if accurate, in breach of Ruiz-Boyter's obligations under the terms of the Capital—Ruiz-Boyter subcontract agreement, the United Fire umbrella policy was apparently subsequently endorsed to delete the endorsement to the United Fire umbrella policy that served to provide additional insured coverage to Capital on a primary and noncontributory basis before any insurance maintained by Capital as a named insured as required by the Capital—Ruiz-Boyter subcontract agreement.

25.     The other insurance condition in the commercial liability coverage form of the United Fire umbrella policy is silent as to whether the insurance coverage provided to an additional insured under the United Fire umbrella policy is provided on a primary or excess basis.

26.     The United Fire umbrella policy was endorsed with a blanket waiver of transfer of rights of recovery in favor of Capital as required by the Capital—Ruiz-Boyter subcontract agreement.

27. The United Fire umbrella policy includes an exception to the contractual liability exclusion in the United Fire umbrella policy for Ruiz-Boyter's contractual indemnity obligation to Capital, including attorneys' fees, for the claims that have been asserted against Capital in the underlying lawsuit under the terms of the Capital—Ruiz-Boyter subcontract agreement.

28. As discussed more fully below, because United Fire has failed and refused, and continues to fail and refuse, to provide Capital with a defense in the underlying lawsuit, and because CIC contends its per occurrence limit of liability for claims arising as a result of the subject construction project has been exhausted by payment of claims, Travelers has been providing Capital with a defense in the underlying lawsuit under the Travelers policy subject to a full and complete reservation of rights to which Travelers is entitled under the Travelers policy and applicable law including, without limitation, all rights Capital does or may have against Ruiz-Boyter under the terms of the Capital—Ruiz-Boyter subcontract agreement, all rights Capital does or may have against United Fire under the United Fire primary policy, and all rights Capital does or may have against United Fire under the United Fire umbrella policy.

29. By letter dated June 18, 2020, Capital tendered the underlying lawsuit to United Fire, requesting that United Fire honor its duty to defend Capital in the underlying lawsuit under the United Fire primary policy based on the suit allegations against Capital in the underlying lawsuit and as required by the terms of the Capital—Ruiz-Boyter subcontract agreement and the terms of the United Fire primary policy.

30. By letter dated September 17, 2020, United Fire improperly denied Capital's June 18, 2020 tender of the underlying lawsuit to United Fire for a defense under the

United Fire primary policy; and, despite Capital having sent multiple subsequent requests that United Fire reconsider its improper denial of Capital's tender, United Fire has failed and refused, and continues to fail and refuse, to provide Capital with a defense in the underlying lawsuit.

31. United Fire has also failed and refused, and continues to fail and refuse, to acknowledge that the indemnity coverage to which Capital is entitled under the United Fire primary policy with respect to any exposure Capital may have for any settlement or judgment in the underlying lawsuit is primary to any insurance maintained by Capital as a named insured as required by the Capital—Ruiz-Boyter subcontract agreement including, without limitation, the indemnity coverage, if any, to which Capital is entitled under the Travelers policy for any exposure Capital may have for any settlement or judgment in the underlying lawsuit.

32. United Fire has also failed and refused, and continues to fail and refuse, to acknowledge that the indemnity coverage to which Capital is entitled under the United Fire umbrella policy with respect to any exposure Capital may have for any settlement or judgment in the underlying lawsuit is or should be primary to any insurance maintained by Capital as a named insured as required by the Capital—Ruiz-Boyter subcontract agreement including, without limitation, the indemnity coverage, if any, to which Capital is entitled under the Travelers policy for any exposure Capital may have for any settlement or judgment in the underlying lawsuit.

33. United Fire has also failed and refused, and continues to fail and refuse, to acknowledge that Ruiz-Boyter has a contractual indemnity obligation to Capital, including attorneys' fees, for the claims that have been asserted against Capital in the

underlying lawsuit pursuant to the terms of the Capital—Ruiz-Boyter subcontract agreement and that the United Fire primary policy provides full insurance coverage for Ruiz-Boyter's contractual indemnity obligation to Capital pursuant to the terms of the Capital—Ruiz-Boyter subcontract agreement by virtue of the insured contract exception to the contractual liability exclusion in the United Fire primary policy.

34. United Fire has also failed and refused, and continues to fail and refuse, to acknowledge that Ruiz-Boyter has a contractual indemnity obligation to Capital, including attorneys' fees, for the claims that have been asserted against Capital in the underlying lawsuit pursuant to the terms of the Capital—Ruiz-Boyter subcontract agreement and that the United Fire umbrella policy provides full insurance coverage for Ruiz-Boyter's contractual indemnity obligation to Capital pursuant to the terms of the Capital—Ruiz-Boyter subcontract agreement by virtue of the insured contract exception to the contractual liability exclusion in the United Fire umbrella policy.

35. The claims that have been asserted against Capital in the underlying lawsuit fall squarely within the terms of coverage under the United Fire primary policy as required by the terms of the Capital—Ruiz-Boyter subcontract agreement.

36. The claims that have been asserted against Capital in the underlying lawsuit fall squarely within the terms of coverage under the United Fire umbrella policy as required by the terms of the Capital—Ruiz-Boyter subcontract agreement.

37. The claims that have been asserted against Capital in the underlying lawsuit fall squarely within the terms of the contractual indemnity provision in the Capital—Ruiz-Boyter subcontract agreement.

38. Neither Ruiz-Boyter nor United Fire has paid any amount toward the cost to defend Capital in the underlying lawsuit as required by the terms of the Capital—Ruiz-Boyter subcontract agreement, the terms of the United Fire primary policy, and the terms of the United Fire umbrella policy.

39. United Fire has improperly taken the position that it has no duty to defend Capital, or to pay for the cost to defend Capital, in the underlying lawsuit as required by the terms of the Capital—Ruiz-Boyter subcontract agreement, the terms of the United Fire primary policy, and the terms of the United Fire umbrella policy.

40. United Fire has improperly taken the position that the indemnity coverage to which Capital is entitled under the United Fire primary policy and the United Fire umbrella policy with respect to any exposure Capital may have for any settlement or judgment in the underlying lawsuit is not primary to any insurance maintained by Capital as a named insured as required by the Capital—Ruiz-Boyter subcontract agreement including, without limitation, the indemnity coverage, if any, to which Capital is entitled under the Travelers policy for any exposure Capital may have for any settlement or judgment in the underlying lawsuit.

41. United Fire has improperly taken the position(s) that: (a) Ruiz-Boyter does not have a contractual indemnity obligation to Capital, including attorneys' fees, for the claims that have been asserted against Capital in the underlying lawsuit pursuant to the terms of the Capital—Ruiz-Boyter subcontract agreement; (b) the United Fire primary policy and the United Fire umbrella policy do not provide full insurance coverage for Ruiz-Boyter's contractual indemnity obligation to Capital pursuant to the terms of the Capital—Ruiz-Boyter subcontract agreement by virtue of the insured contract exception

to the contractual liability exclusion in the United Fire primary policy and the United Fire umbrella policy; or (c) both.

42. Travelers is entitled to a declaration that United Fire had, and still has, the sole and primary obligation to pay for the cost to defend Capital in the underlying lawsuit since June 18, 2020 under the United Fire primary policy, the United Fire umbrella policy, or both.

43. Because United Fire has failed and refused, and continues to fail and refuse, to provide Capital with a defense in the underlying lawsuit, or to pay for the cost to defend Capital in the underlying lawsuit, Travelers has been forced to pay for the cost to defend Capital in the underlying lawsuit under the Travelers policy despite the fact United Fire had, and still has, the sole and primary obligation to pay for the cost to defend Capital in the underlying lawsuit; and Travelers is contractually and equitably subrogated to Capital's rights against United Fire to recover the amounts Travelers has paid to defend Capital in the underlying lawsuit since June 18, 2020 under the United Fire primary policy, the United Fire umbrella policy, or both.

44. Travelers is also entitled to a declaration that the indemnity coverage to which Capital is entitled under the United Fire primary policy and under the United Fire umbrella policy with respect to any exposure Capital may have for any settlement or judgment in the underlying lawsuit is primary to any insurance maintained by Capital as a named insured as required by the Capital—Ruiz-Boyter subcontract agreement including, without limitation, the indemnity coverage, if any, to which Capital is entitled under the Travelers policy for any exposure Capital may have for any settlement or judgment in the underlying lawsuit.

45. Travelers is also entitled to a declaration that Ruiz-Boyter has a contractual indemnity obligation to Capital, including attorneys' fees, for the claims that have been asserted against Capital in the underlying lawsuit pursuant to the terms of the Capital—Ruiz-Boyter subcontract agreement.

46. Travelers is also entitled to a declaration that the United Fire primary policy provides full insurance coverage for Ruiz-Boyter's contractual indemnity obligation to Capital pursuant to the terms of the Capital—Ruiz-Boyter subcontract agreement by virtue of the insured contract exception to the contractual liability exclusion in the United Fire primary policy.

47. Travelers is also entitled to a declaration that the United Fire umbrella policy provides full insurance coverage for Ruiz-Boyter's contractual indemnity obligation to Capital pursuant to the terms of the Capital—Ruiz-Boyter subcontract agreement by virtue of the insured contract exception to the contractual liability exclusion in the United Fire umbrella policy.

## COUNT I

## REQUEST FOR DECLARATORY JUDGMENT

48. Travelers incorporates the preceding paragraphs in this original complaint by reference.

49. Pursuant to the Federal Declaratory Judgment Act, Travelers seeks a declaration that the claims that have been asserted against Capital in the underlying lawsuit fall squarely within the terms of coverage under the United Fire primary policy as required by the terms of the Capital—Ruiz-Boyter subcontract agreement.

50. Pursuant to the Federal Declaratory Judgment Act, Travelers seeks a declaration that United Fire had, and still has, the sole and primary obligation to pay for the cost to defend Capital in the underlying lawsuit since June 18, 2020 under the United Fire primary policy.

51. Pursuant to the Federal Declaratory Judgment Act, Travelers seeks a declaration that United Fire has breached its contractual duty under the United Fire primary policy to defend Capital or to pay for the cost to defend Capital in the underlying lawsuit.

52. Pursuant to the Federal Declaratory Judgment Act, Travelers seeks a declaration that United Fire is obligated to reimburse Travelers for the amounts Travelers has paid to defend Capital in the underlying lawsuit since June 18, 2020 under the United Fire primary policy.

53. Pursuant to the Federal Declaratory Judgment Act, Travelers seeks a declaration that the indemnity coverage to which Capital is entitled under the United Fire primary policy with respect to any exposure Capital may have for any settlement or judgment in the underlying lawsuit is primary to any insurance maintained by Capital as a named insured as required by the Capital—Ruiz-Boyter subcontract agreement including, without limitation, the indemnity coverage, if any, to which Capital is entitled under the Travelers policy for any exposure Capital may have for any settlement or judgment in the underlying lawsuit.

54. Pursuant to the Federal Declaratory Judgment Act, and in the event United Fire contends the $1,000,000.00 limit of liability under the United Fire primary policy has been exhausted, Travelers seeks a declaration that the claims that have been asserted against Capital in the underlying lawsuit fall squarely within the terms of coverage under

the United Fire umbrella policy as required by the terms of the Capital—Ruiz-Boyter subcontract agreement.

55.     Pursuant to the Federal Declaratory Judgment Act, and in the event United Fire contends the $1,000,000.00 limit of liability under the United Fire primary policy has been exhausted, Travelers seeks a declaration that United Fire had, and still has, the sole and primary obligation to pay for the cost to defend Capital in the underlying lawsuit since June 18, 2020 under the United Fire umbrella policy.

56.     Pursuant to the Federal Declaratory Judgment Act, and in the event United Fire contends the $1,000,000.00 limit of liability under the United Fire primary policy has been exhausted, Travelers seeks a declaration that United Fire has breached its contractual duty under the United Fire umbrella policy to defend Capital or to pay for the cost to defend Capital in the underlying lawsuit.

57.     Pursuant to the Federal Declaratory Judgment Act, and in the event United Fire contends the $1,000,000.00 limit of liability under the United Fire primary policy has been exhausted, Travelers seeks a declaration that United Fire is obligated to reimburse Travelers for the amounts Travelers has paid to defend Capital in the underlying lawsuit since June 18, 2020 under the United Fire umbrella policy.

58.     Pursuant to the Federal Declaratory Judgment Act, Travelers seeks a declaration that the indemnity coverage to which Capital is entitled under the United Fire umbrella policy with respect to any exposure Capital may have for any settlement or judgment in the underlying lawsuit is primary to any insurance maintained by Capital as a named insured as required by the Capital—Ruiz-Boyter subcontract agreement including, without limitation, the indemnity coverage, if any, to which Capital is entitled under the

Travelers policy for any exposure Capital may have for any settlement or judgment in the underlying lawsuit.

59. Pursuant to the Federal Declaratory Judgment Act, Travelers seeks a declaration that the indemnity coverage, if any, to which Capital is entitled under the Travelers policy for any exposure Capital may have for any settlement or judgment in the underlying lawsuit is excess to the indemnity coverage to which Capital is entitled under the United Fire primary policy with respect to any exposure Capital may have for any settlement or judgment in the underlying lawsuit as required by the Capital—Ruiz-Boyter subcontract agreement.

60. Pursuant to the Federal Declaratory Judgment Act, Travelers seeks a declaration that the indemnity coverage, if any, to which Capital is entitled under the Travelers policy for any exposure Capital may have for any settlement or judgment in the underlying lawsuit is excess to the indemnity coverage to which Capital is entitled under the United Fire umbrella policy with respect to any exposure Capital may have for any settlement or judgment in the underlying lawsuit as required by the Capital—Ruiz-Boyter subcontract agreement.

61. Pursuant to the Federal Declaratory Judgment Act, Travelers seeks a declaration that Ruiz-Boyter is contractually obligated to indemnify Capital, including attorneys' fees, for the claims that have been asserted against Capital in the underlying lawsuit pursuant to the terms of the Capital—Ruiz-Boyter subcontract agreement.

62. Pursuant to the Federal Declaratory Judgment Act, Travelers seeks a declaration that the United Fire primary policy provides full insurance coverage for Ruiz-Boyter's contractual indemnity obligation to Capital, including attorneys' fees, for the claims that

have been asserted against Capital in the underlying lawsuit pursuant to the terms of the Capital—Ruiz-Boyter subcontract agreement by virtue of the insured contract exception to the contractual liability exclusion in the United Fire primary policy.

63. Pursuant to the Federal Declaratory Judgment Act, Travelers seeks a declaration that the United Fire umbrella policy provides full insurance coverage for Ruiz-Boyter's contractual indemnity obligation to Capital, including attorneys' fees, for the claims that have been asserted against Capital in the underlying lawsuit pursuant to the terms of the Capital—Ruiz-Boyter subcontract agreement by virtue of the insured contract exception to the contractual liability exclusion in the United Fire umbrella policy.

## COUNT II

## BREACH OF CONTRACT

64. Travelers incorporates the preceding paragraphs in this original complaint by reference.

65. The Travelers policy contains a "Waiver Or Transfer Of Rights Of Recovery Against Others To Us" condition that provides, in relevant part, that, if Capital has a right to recover all or part of any payment made by Travelers under the Travelers policy, those rights are transferred to Travelers.

66. By virtue of the "Waiver Or Transfer Of Rights Of Recovery Against Others To Us" condition in the Travelers policy, and by virtue of the amounts Travelers has paid to defend Capital in the underlying lawsuit that should have been paid by United Fire, Travelers sues United Fire for breach of contract—specifically, United Fire's breach of its duty to defend Capital and pay for the cost to defend Capital in the underlying lawsuit under the United Fire primary policy, the United Fire umbrella policy, or both.

67. By virtue of the "Waiver Or Transfer Of Rights Of Recovery Against Others To Us" condition in the Travelers policy, and by virtue of the amounts Travelers has paid to defend Capital in the underlying lawsuit that should have been paid by Ruiz-Boyter based on Ruiz-Boyter's contractual obligation to indemnify Capital, including attorneys' fees, for the claims that have been asserted against Capital in the underlying lawsuit pursuant to the terms of the Capital—Ruiz-Boyter subcontract agreement and that should have been paid by United Fire by virtue of the insured contract exceptions to the contractual liability exclusions in the United Fire primary policy and the United Fire umbrella policy, Travelers sues United Fire for breach of contract as a third-party beneficiary of the Capital—Ruiz-Boyter subcontract agreement —specifically, United Fire's breach of its duty to provide full insurance coverage for Ruiz-Boyter's contractual indemnity obligation to Capital, including attorneys' fees, for the claims that have been asserted against Capital in the underlying lawsuit pursuant to the terms of the Capital—Ruiz-Boyter subcontract agreement by virtue of the insured contract exceptions to the contractual liability exclusions in the United Fire primary policy and in the United Fire umbrella policy.

68. Travelers seeks recovery of damages from United Fire for all amounts Travelers has paid, but that should have been paid by United Fire, for the defense of Capital in the underlying lawsuit.

69. Travelers seeks an award of its attorneys' fees and expenses incurred in the prosecution of this breach of contract action against United Fire pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code.

## COUNT III

## CONTRIBUTION

70. Travelers incorporates the preceding paragraphs in this original complaint by reference.

71. Because Travelers has paid attorneys' fees and expenses to defend Capital in the underlying lawsuit that should have been paid by United Fire, Travelers sues United Fire for contribution—specifically, recovery of damages from United Fire for all amounts Travelers has paid, but that should have been paid by United Fire, for the defense of Capital in the underlying lawsuit.

## COUNT IV

## EQUITABLE SUBROGATION

72. Travelers incorporates the preceding paragraphs in this original complaint by reference.

73. Because Travelers has paid attorneys' fees and expenses to defend Capital in the underlying lawsuit that should have been paid by United Fire, Travelers sues United Fire for equitable subrogation—specifically, recovery of damages from United Fire for all amounts Travelers has paid, but that should have been paid by United Fire, for the defense of Capital in the underlying lawsuit.

## CONDITIONS PRECEDENT

74. All conditions precedent to the filing and maintenance of this lawsuit have been performed, have been excused, or have been waived.

**PRAYER**

75. WHEREFORE, PREMISES CONSIDERED, the plaintiff, Travelers Property Casualty Company of America, prays for all declaratory relief requested herein, for judgment over and against United Fire Lloyds for breach of contract, contribution, and equitable subrogation, an award of all damages from United Fire Lloyds to which Travelers Property Casualty Company of America is entitled, an award of all attorneys' fees and expenses from United Fire Lloyds that Travelers Property Casualty Company of America incurs in connection with the prosecution of this lawsuit, and for such other and further relief to which Travelers Property Casualty Company of America may show itself justly entitled to receive.

Respectfully submitted,

Wilkins | Gire PLLC
470 Orleans, Seventh Floor
Beaumont, Texas 77701
T: (409) 241-8094
F: (409) 241-8094

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gwilkins@wilkinsgire.com

ATTORNEYS FOR PLAINTIFF,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA